**Jia Yin YU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Docket No. 04–1783–AG.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

Jia Yin Yu, New York, NY, on submission, for Petitioner, pro se.

Janie L. Frank, Assistant United States Attorney (Richard B. Roper, United States Attorney for the Northern District of Texas, on the brief), on submission, for Respondent.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Jia Yin Yu, a native and citizen of the People's Republic of China, appearing *pro se*, petitions for review of a March 2004 order of the Board of Immigration Appeals ("BIA") summarily affirming the January 2003 order of the Immigration Judge ("IJ"), denying his request for asylum, withholding of deportation and relief under the Convention Against Torture. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) ("We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture.") (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly).

The IJ found Yu not credible based on: (1) material omissions from his asylum application; (2) inconsistencies between his credible fear worksheet, his asylum application and his hearing testimony; (3) his internally inconsistent hearing testimony; and (4) his lack of genuine interest in Falun Gong, the practice for which Yu claims he was persecuted. As Yu's asylum claim fails, so must his withholding of removal claim. *See Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 71 (2d Cir.2004) ("Because the two forms of relief are factually related but with a heavier burden for with-

holding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Similarly, substantial evidence supports the IJ's determination that Yu failed to establish that he would more likely than not be tortured upon his return to China. *See Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Yu's claims and find them to be without merit. The petition is hereby **DENIED** and the stay of deportation is hereby lifted.